# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 26, 2010

## JAMES WILLIAM TAYLOR, A.K.A. LUTFI SHAFQ TALAL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. 188-108      Robbie T. Beal, Judge**

---

**No. M2009-02170-CCA-R3-CO - Filed December 20, 2010**

---

The petitioner, James William Taylor, also known as Lutfi Shafq Talal, was convicted in the Williamson County Circuit Court of felony murder, robbery, and second degree burglary. He was subsequently sentenced to consecutive sentences of life, fifteen years, and fifteen years for the respective convictions. In this appeal, the petitioner challenges the trial court's denial of his motion for *nunc pro tunc* to consolidate prior offenses. Because such an order is not subject to an appeal as of right under Rule 3 of the Tennessee Rules of Appellate Procedure, we dismiss the petitioner's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE, J., joined. JERRY L. SMITH, J., not participating.

James William Taylor, a.k.a. Lutfi Shafq Talal, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General, and Kim R. Helper, District Attorney General, for the appellant, State of Tennessee.

## OPINION

### Procedural History

The facts underlying the petitioner's convictions were summarized by this court on direct appeal as follows:

> The State's proof showed that [the petitioner] broke into the Franklin

home of 89-year-old [victim] during the night, after unscrewing the light bulb from an outdoor light fixture and cutting the telephone lines leading into her apartment. [The petitioner] either suffocated the victim, or attempted to suffocate her, causing her heart to fail. He took several of [the victim's] rings from her apartment and sold two of them to a man named Charles Alexander. [The petitioner] made vague statements to others about having made "a hit" and having killed someone. He was also overheard to have said that he "didn't mean to hurt the bitch but she wouldn't shut up."

*State v. James Taylor*, No. 89-93-III (Tenn. Crim. App., at Nashville, Apr. 25, 1990), *reh'g denied* (Tenn. Crim. App., at Nashville, July 19, 1990), *perm. app. denied* (Tenn., Oct. 8, 1990).

The petitioner was convicted of felony murder, robbery, and second degree burglary on August 19, 1988, after a jury trial in Williamson County. *Id*. As a result of the convictions, the petitioner was sentenced to life imprisonment for the murder conviction, fifteen years for the second degree burglary conviction, and fifteen years for the robbery conviction. *Id*. The sentences were ordered to be served consecutively. *Id*. On direct appeal, the petitioner raised multiple issues for review. *Id*. Following a thorough review by a panel of this court, the petitioner's convictions and sentences were affirmed. *Id.*

Following the denial of a petition to rehear and permission to appeal, the petitioner sought post-conviction relief. *James William Taylor v. State*, No. 01C01-9809-CC-00384 (Tenn. Crim. App., at Nashville, May 19, 2000), *perm. app. denied* (Tenn., Sept. 25, 2000). The petitioner argued that he received ineffective assistance of counsel and that the State withheld exculpatory evidence. The post-conviction court denied relief, and a panel of this court upheld the denial on appeal. *Id.*

The petitioner subsequently filed several unsuccessful petitions seeking habeas corpus relief. *See, e.g., James W. Taylor A.K.A. Lutfi S. Talal v. Wayne Brandon*, No. M2003-02235-CCA-R3-HC (Tenn. Crim. App., at Nashville, Dec. 14, 2004), *perm. app. denied* (Tenn., Mar. 21, 2005); *Lutfi Shafq Talal a/k/a James William Taylor v. State*, No. M2005-02964-CCA-R3-HC (Tenn. Crim. App., at Nashville, May 23, 2006), *perm. app. granted* (Tenn., Nov. 13, 2006). However, in his fourth petition filed on November 2, 2005, the petitioner claimed that the trial court "failed to render a final sentencing judgment regarding his first degree murder conviction." *Lutfi Shafq Talal a/k/a James William Taylor v. State*, No. M2005-02964-CCA-R3-HC. Following the denial of relief by this court, the Tennessee Supreme Court granted permission to appeal in the case. The court determined:

After reviewing the merits of the [the petitioner's] Rule 11 Application, the

Court finds that none of the issues merit review save one: the apparent failure of the trial court to enter a judgment order in Count Three of Williamson County case number 1880108 (first-degree murder). This technical failure, while not a basis for habeas corpus relief, does merit some action on the part of the Court. Accordingly, the petitioner's Rule 11 Application is GRANTED for the sole purpose of remedying this technical error. The case is summarily REMANDED to the Williamson County Circuit Court for entry of a proper judgment order.

*Lufti Shafq Talal a/k/a James William Taylor v. State*, No. M2005-02964-SC-R11-HC. On remand, the trial court entered a judgment order on Count Three in the case. *James William Taylor a/k/a Lutfi Shafq Talal v. State*, No. M2007-01405-CCA-R3-HC (Tenn. Crim. App., at Nashville, Apr. 11, 2008), *perm. app. denied* (Tenn., Aug. 25, 2008).

Subsequently, on May 11, 2009, the petitioner filed a "Motion Nunc Pro Tunc" in the Williamson County Circuit Court. The petitioner requested that the trial court rule on his motion to consolidate offenses, which had been filed on January 29, 1988, prior to the jury trial. The petitioner sought the issuance of a *nunc pro tunc* order from the trial court. The trial court denied the order on September 15, 2009. The petitioner filed a timely notice of appeal.

## Analysis

On appeal, the petitioner, acting *pro se*, argues that the trial court erred in denying the motion for *nunc pro tunc* order because there is no proof that the petitioner "received and concealed stolen items at different times" so the offenses should have been consolidated prior to trial. The State argues that the petitioner's appeal should be dismissed because Rule 3 of the Tennessee Rules of Appellate Procedure does not allow an appeal from the trial court's order in this particular situation.

Rule 3(b) of the Tennessee Rules of Appellate Procedure sets out the circumstances when a petitioner has an appeal as of right. Rule 3(b) states:

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, [in limited circumstances]. The [petitioner] may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

The order in this case does not fit within any of the circumstances enumerated above. As such, the judgment denying the petitioner's motion is not covered by Rule 3; therefore, the petitioner does not have an appeal as of right from the denial. This court has previously dismissed an appeal from a trial court's denial of a motion for *nunc pro tunc* order based on Rule 3(b). *Xavier Todd v. State*, No. W2005-02483-CCA-R3-PC (Tenn. Crim. App., at Jackson, Sept. 27, 2006), *perm. app. denied* (Tenn., Jan. 22, 2007); *State v. Anthony Layne*, No. M2004-01753-CCA-R3-CD (Tenn. Crim. App., at Nashville, May 13, 2005). Accordingly, the appeal is dismissed.

## CONCLUSION

For the foregoing reasons, we dismiss the petitioner's appeal.

_____
JOHN EVERETT WILLIAMS, JUDGE